IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM MURPHY, individually
and as guardian ad litem on behalf
of A.T. and K.M.; and TANISHA
MURPHY,

                     Plaintiffs,

                 v.

STATE OF DELAWARE,
JUSTICES OF THE PEACE; THE
HONORABLE ALAN DAVIS, in
his official capacity only as Chief
Magistrate of the Justices of the
Peace; CONSTABLE JAMAN
BRISON, individually and in his
official capacity as a Constable of
the Justices of the Peace;
CONSTABLE HUGH CRAIG,
individually and in his official
capacity as a Constable of the
Justices of the Peace; and
CONSTABLE GERARDO
HERNANDEZ, individually and in
his official capacity as a Constable
of the Justices of the Peace,

                     Defendants.

Civil Action No. 21-415-CFC

---

## MEMORANDUM ORDER

By an Order issued on March 19, 2024, I granted the motion filed by all five

Defendants to dismiss Plaintiffs' Amended Complaint for failure to state a claim.

D.I. 37. On October 8, 2025, a divided three-judge panel of the Third Circuit affirmed the Order in part, vacated it in part, and reversed it in part. *See generally Murphy v. Justs. of the Peace*, 2025 WL 2848986 (3d Cir. Oct. 8, 2025). (Judge Matey, who dissented in part, believed that the Order should have been affirmed in all respects. *See id.* at *5 (Matey, J., concurring in part and dissenting in part).) On October 30, 2025, the Third Circuit issued its mandate. D.I. 42.

Fifteen days later—on November 14, 2025—Plaintiffs filed the motion pending before me. The motion is titled "Plaintiffs' Rule 55(a) Request for Clerk's Entry of Default." D.I. 43. In the opening sentence of the motion, Plaintiffs "request the Clerk [to] enter *Defendants*' default in this action." D.I. 43 at 1 (emphasis added). And in the proposed order filed with their motion, Plaintiffs ask the Clerk of Court to state that she "concluded that *five* specific Defendants have failed to meet their obligations to file their Answers on November 13, 2025," D.I. 43-1 at 1 (emphasis added), and to enter default against all five Defendants, D.I. 43-1 at 2. Plaintiffs, however, argue in their motion that entry of default is required because "[u]nder Fed. R. Civ. P. 12(a)(4)(A), the Answers *of each of these four Defendants* were due 14 days [after the mandate issued], yesterday, November 13, 2025" and "no Answers were filed." D.I. 43 at 2. And Plaintiffs never identify in their motion which four of the Defendants failed to file an answer by November 13, 2025. Because of that failure, I will deny the motion.

2

The basis for this ruling is especially fitting here.  Plaintiffs' counsel filed the motion at 8:58 a.m. on November 14.  They cited no legal authority in the motion to support their assertion that "[u]nder Fed. R. Civ. P. 12(a)(4)(A), the Answers of each of these four Defendants were due 14 days [after the mandate issued], yesterday, November 13, 2025."  Their failure to do so makes sense because Rule 12(a)(4)(A) says nothing about when an answer must be filed after remand, and neither the Supreme Court nor the Third Circuit has addressed the question of when an answer must be filed on remand after the reversal of an order granting a motion to dismiss.  In point of fact, "no time period is specified in the Federal Rules for filing an answer where a district court grants a pre-answer dispositive motion but an appellate court subsequently reverses."  *Greenberg v. Nat'l Geographic Soc.*, 488 F.3d 1331, 1340 (11th Cir. 2007), *rev'd en banc on other grounds*, 533 F.3d 1244 (11th Cir. 2008); *see also* 2 Moore's Federal Practice § 12.12 (3d ed. 2026) ("[N]o time period is specified in the Rules for filing an answer after remand.").

Defendants understandably do not agree that Rule 12(a)(4)(A) required them to file an answer within fourteen days of the mandate.  Nonetheless, and to their credit, they filed on November 14 an Answer "in an abundance of caution and in order to negate any potential prejudice to the Plaintiffs . . . after learning of the filing of [Plaintiffs'] Default Request."  D.I. 48 at 3.  Unlike Plaintiffs' counsel,

3

Defendants' counsel cited in their opposition to the motion persuasive legal authority that supports Defendants' position that the twenty-one-day deadline in Rule 12(a)(1)(A)(i) and not the fourteen-day deadline in Rule 12(a)(4)(A) governs when an answer must be filed after a remand. *See* D.I. 48 at 4 (citing *Greenberg* and *Smith v. Rockett*, 2009 WL 3157345 (W.D. Okla. Sept. 28, 2009)).

You would think that once they reviewed Defendants' response Plaintiffs' counsel would have withdrawn their motion. After all, even if Plaintiffs' counsel were correct that a fourteen-day deadline applied here and even if the Clerk entered a default, no rational judge would refuse to vacate that default or agree to enter a default judgment under the circumstances present here—Defendants had good cause to believe they had twenty-one days to file their Answer and Plaintiffs suffered no prejudice by the Answer being filed on November 14 as opposed to November 13. But instead of acting reasonably, Plaintiffs' counsel filed an eleven-page reply replete with inappropriate *ad hominem* and false attacks on Defendants' counsel.

The ironies at play here are not lost on me. Defendants' counsel acted reasonably. Plaintiffs' counsel did not. Defendants' counsel cited persuasive case law in support of Defendants' position that they did not have to file an answer before November 14. Plaintiffs' counsel did not (and could not) cite binding case law in support of their position that Defendants' answer was due no later than

4

November 13, but they nonetheless had the temerity to accuse Defendants' counsel of "reckless and intentional defiance of court rules" for failing to file an answer by that date. D.I. 49 at 4. And finally, Plaintiffs' counsel accused Defendants' counsel of acting with "empty heads," D.I. 49 at 6, but they filed a motion that sought the imposition of a default against five Defendants based on the alleged failure of four unidentified Defendants to file a timely answer.

NOW THEREFORE, at Wilmington on this Fifteenth Day of June in 2026, it is HEREBY ORDERED that Defendants' Rule 55(a) Request for Clerk's Entry of Default (D.I. 43) is DENIED.

It is FURTHER ORDERED that should Plaintiffs' counsel file any new pleading that contains unfounded *ad hominem* attacks against Defendants' counsel, the Court will entertain a motion for sanctions.

_____
CHIEF JUDGE

5